UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Haynesworth, #286317, | ) C/A No. 8:10-507-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections; Michael Laubshire; Robert Ward; Jon Ozmint; Willie Eagleton; Redfearn Miller; Annie Sellars; Denise Cannarella; Beverly Baker; Anthony Whiltington; Pamela D. McDowell; Ofc. Driggers; Ofc. Joseph; Capt. G. Rogers; Sgt. K. Lear; Sgt. Thomas; Ms. Thomas; A. Graves; B. Miller, et al., | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees as Defendants.[2] Plaintiff claims his due process rights were violated during a disciplinary hearing, and he also seems to challenge the manner in which the defendants allegedly behaved prior to - or while - plaintiff was being charged with a disciplinary infraction. Plaintiff seeks monetary damages, as well as

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

declaratory and injunctive relief. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Background

Plaintiff is challenging the procedures used at his disciplinary hearing. Plaintiff also alleges he attempted to report to "Chapel Call" on June 28, 2009, but was prohibited from doing so by Ofc. Joseph and Sgt. Lear. The plaintiff states he had previously been allowed to attend services "every week or day", but, on this day, was falsely charged with "threatening to inflict harm on/assaulting an employee." Plaintiff claims the defendants "falsified incident reports, gave perjured testimonies", and "framed" the plaintiff. He states that the defendants were grossly negligent, failed to take "corrective actions", failed to properly train officers and staff, failed to comply with policies and procedures, and violated his First Amendment rights. Plaintiff seems to allege he was "grant[ed] and provid[ed] the administrative clearance .... to attend all chapel programs", but was then placed in pre-hearing detention, and, following a hearing, was found guilty of the charges against him. Plaintiff alleges he lost good time, and was given additional sanctions. In his prayer for relief, plaintiff does not seek to have his good

time restored, however, he asks for declaratory and injunctive relief and damages. Plaintiff has filed both a Step 1 and a Step 2 grievance.

## Discussion

Plaintiff's § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted. Plaintiff's disciplinary conviction resulted in the loss of good time credits and other sanctions. Plaintiff claims his right to due process was denied due to the events which took place at his disciplinary hearing as well as before the hearing. A favorable determination on the merits of the Plaintiff's § 1983 claim would require a finding that his prison disciplinary hearing was invalid and would, thus, imply the invalidity of the punishment imposed.

The United States Supreme Court states:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, *Heck* bars a state prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged.

*Heck's* ruling was subsequently extended to a state prisoner's claim for damages regarding a disciplinary proceeding in *Edwards v. Balisok*, 520 U.S. 641 (1997). As in the instant action, the *Edwards* Plaintiff alleged due process violations for procedures used in a disciplinary hearing. The disciplinary hearing resulted in the *Edwards* Plaintiff's loss of thirty

4

(30) days good time credit. The cases are also similar because the *Edwards* Plaintiff requested only declaratory relief and monetary damages.

On appeal, the Court of Appeals for the Ninth Circuit held that a claim challenging only the procedures used in a disciplinary hearing was cognizable under § 1983. However, the United States Supreme Court reversed, stating the Ninth Circuit disregarded "the possibility, clearly envisioned by *Heck,* that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Edwards*, 520 U.S. at 645. The Court concluded "that [Plaintiff's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.* at 648.

Since the *Edwards* decision, the Supreme Court has limited the holding in *Heck v. Humphrey* in cases involving prison disciplinary proceedings. In *Muhammad v. Close*, 540 U.S. 749 (2004), the Court made clear that *Heck* does not apply "categorically to all suits challenging prison disciplinary proceedings" and further stated "these administrative determinations do not as such raise any implication about the validity of the underlying conviction, and although they may affect the duration of time to be served (by bearing on the award or revocation of good-time credits) that is not necessarily so." *Muhammad* 540 U.S. at 754.

In *Muhammad*, the Plaintiff brought a § 1983 action challenging a prehearing lockup and a correction officer's alleged threatening behavior. Similar to the instant action, the *Muhammad* Plaintiff requested only monetary relief and did not challenge his disciplinary conviction. The Judge in *Muhammad* "found or assumed that no good-time credits were

5

eliminated by the prehearing action Muhammad called in question." *Muhammad* 540 U.S. at 754. The Court went on to state:

> His § 1983 suit challenging this action could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence. That is, he raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's* favorable termination requirement was inapplicable.

*Id.* at 754, 755.

In the present action, the challenged disciplinary proceeding did result in the loss of good time credits. A judgment in Plaintiff's favor in the instant § 1983 case could, therefore, be construed as a judgment at odds with the "State's calculation of time to be served in accordance with [Plaintiff's] underlying sentence." *Id.* In addition, Plaintiff could clearly choose to challenge his loss of good time credits via a habeas action.[3]

Another more recent Supreme Court case *Wilkinson v. Dotson*, 544 U.S. 74 (2005), addresses the "legal journey" through the habeas/§ 1983 quagmire stating:

> [T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

---

3

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). An inmate must appeal the denial of a Step 2 grievance to the Administrative Law Court before filing a habeas action seeking the restoration of good time credits in this Court .

*Wilkinson,* 544 U.S. at 81. The Court goes on to state that the *Preiser, Heck, Edwards* line of cases,

> . . . taken together indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 81, 82.

Thus, while *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 suit. As *Heck* applies in the instant circumstance and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, Plaintiff's § 1983 claims, based on an allegedly "illegal" disciplinary hearing and related matters, are barred at this time.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. **Plaintiff's attention is directed to the important notice on the next page**.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 8, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).